(No. 4144

MARY L. SCHEUER, WIDOW, ET AL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed July 8, 1949.*

FRANCIS T. DUNCAN AND CHARLES W. HELMIG, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM J. COLOHAN, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Mary L. Scheuer, is the widow of Theodore Scheuer, deceased, who was formerly employed by the Department of Public Works and Buildings, Division of Highways, of the State of Illinois. Claimant, as widow, seeks an award for the death of her husband under the provisions of the Workmen's Compensation Act.

There is no dispute whatsoever as to the facts involved in this case. A stipulation of the respective parties, proof offered on behalf of claimant, and the departmental report filed herein present with corroboration and without contradiction all of the facts required for the determination of this case.

On the morning of September 30, 1948, decedent and his supervisor, John Kellerman, who was driving, was transporting a truckload of stone chips, to be used in road maintenance work, proceeding west on U. S. Highway No. 6 from Ottawa, Illinois, en route to Utica, Illinois. Approximately two miles west of Ottawa they noticed two pieces of old furnace pipe lying on the bridge and Mr. Kellerman stopped the truck in the westbound traffic lane to allow decedent to remove this traffic hazard. Decedent alighted from the truck, stepped around behind the truck and then stepped into the eastbound traffic lane, where he was immediately struck by an automobile owned and driven by Mr. Robert Manahan of Cherry, Illinois. Decedent's injuries included fractures to both

legs, brain injury, fracture of the skull, and multiple contusions over his entire body.

Decedent was immediately taken to Ryburn Memorial Hospital at Ottawa and was given medical treatment by two doctors, but decedent died about four hours after being injured.

It is conceded that at the time of the accident, decedent and respondent were operating under the Workmen's Compensation Act, and notice of the accident, claim for compensation and application therefor were all given or made within the time provided by said Act. It is also conceded that the accident arose out of and in the course of decedent's employment. An award is, therefore, indicated.

The earnings of decedent, exclusive of overtime, in the year preceding his death totalled $1,705.50. He was a man approximately seventy-two years of age at the time of the accident and his death, and he had no children under the age of sixteen years, and was survived by his wife, the claimant herein, who lived with and was dependent upon him for support.

All medical, hospital and nursing services resulting from the fatal injuries to Theodore Scheuer have been paid by respondent.

Claimant introduced in evidence, without objection, a funeral bill amounting to $425.00 apparently on the theory that respondent should be made to pay some part or all thereof. Section 7(e) of the Workmen's Compensation Act relating in part to burial expenses is inoperative so long as an employee dies leaving dependents. In this case there can be no award for funeral expenses even up to the prescribed maximum of $150.00.

Generose Schweickert, 1801½ Fourth Street, Peru, Illinois, was employed to take and transcribe the evi-

dence before Commissioner Young. Charges in the amount of $30.00 were incurred for such services, which charges are fair, reasonable and customary.

An award is entered in favor of Generose Schweickert in the amount of $30.00, payable forthwith.

An award is entered in favor of Mary L. Scheuer, widow of Theodore Scheuer, deceased, in the amount of $5,200.00, to be paid to her as follows:

$ 780.00, which has accrued and is payable forthwith;
4,420.00, which is payable in weekly installments of $19.50 per week, beginning on the 15th day of July, 1949, for a period of 226 weeks, with an additional final payment of $13.00.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor, as provided in Section 3, "An Act concerning the payment of compensation awarded to State employees."